SEE, Justice
(dissenting).
I dissent from the order quashing the writ of certiorari as improvidently granted. I would reverse the judgment of the Court of Civil Appeals and remand the case for that court to remand to the trial court for further proceedings. The Court of Civil Appeals, without an opinion, affirmed the judgment of the family court. The family court granted the petition of L.J. to adopt Baby Boy C., holding that the putative father, B.F., had impliedly consented to the adoption under Ala.Code 1975, § 26-10A-9(2). I agree with Justice Maddox that the family court erred in granting the petition and that the Court of Civil Appeals erred in affirming the family court’s judgment; however, I have reached that conclusion on a rationale different from that of Justice Maddox.[3] In my view, B.F. cannot be held to have impliedly consented to the adoption under § 26-10A-9(2), given that he timely filed an objection to the adoption of the child and that his paternity had been challenged by the adoptive mother, L.J., in the adoption proceeding.
*1037 AIa.Code 1975, § 26-10A-9(2), as it read at the time of the trial proceedings, provided, in pertinent part:
“A consent or relinquishment ... may be implied by any of the following acts of a parent:
[[Image here]]
“(2) ... not otherwise maintaining a significant parental relationship with the adoptee for a period of six months...
“Parent” is defined as the “[n]atural or legal father or mother.” Ala.Code 1975, § 26-10A-2(9). “Father” is defined as “[a] male person who is the biological father of the minor or is treated by law as the father.” Id. § 26-10A-2(5). The Alabama Adoption Code distinguishes between a “father” and a “putative father.” A “putative father” is defined as “[t]he alleged or reputed father.” Id § 26-10A-2(12). Section § 26-10A-7(5) requires consent to the adoption by a putative father if the putative father is “made known by the mother or is otherwise made known to the court.” Under § 26-10A-17(a)(10), the putative father is entitled to notice of the adoption proceedings.[4]
In construing § 26-10A-9(2), we must recognize that
“[t]he fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.”
IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992). Section 26-10A-9(2) is unambiguous. A father can impliedly consent to an adoption or impliedly relinquish his parental rights; a,putative father cannot. A putative father cannot relinquish his parental rights because his paternity and his parental rights have not yet been adjudicated in the adoption proceeding.
In this case, L.J. disputed whether B.F. is the biological father.[5] Because B.F.’s paternity was in dispute, he was a putative father within the meaning of the Alabama Adoption Code. Therefore, § 26-10A-9(2) does not apply to preclude him from challenging L.J.’s petition for adoption. Accordingly, I respectfully dissent from the decision to quash the writ.

. The facts and procedural history of this case are stated in Justice Maddox’s dissent.

. Section 26-10A-17 was amended in 1999. The amendment became effective June 11, 1999, and, thus, does not apply to this case. As amended, § 26-10A-17(a)(10) reads:
"The father and putative father of the adop-tee if made known by the mother or otherwise known by the court unless the court finds that the father has given implied consent to the adoption, as defined in Section 26-1OA-9."
(Emphasis added.) The amendment to § 26-10A-17 makes clear the distinction between a father and putative father, and, more importantly, makes clear the Legislature’s intent under § 26-10A-9 that a putative father cannot impliedly consent to the adoption.

. If B.F. is successful in contesting the adoption, then "the court shall dismiss the adoption proceeding" and determine custody according to the best interest of the child. Ala. Code 1975, § 26-10A-24(d). However, L.J., as an interested party, may petition to terminate B.F.'s parental rights. See 1984 Child Protection Act, Ala.Code 1975, § 26-18-5.